## H. S. REEVES VS. THE STATE.

### COURT OF APPEALS, AUSTIN TERM 1882.

*Indictment—Gaming   Table—Interpretation   of   Statute.*—To a prosecution under an indictment *for* keeping and exhibiting for the purpose of gaming a certain gaming table, to-wit :  a  pool table,  the defense interposed was that the. table upon which the game  was   played  wa s one

upon which the law imposed a tax, which tax had been paid, and in support of the plea the defense urged was that article 4665 R, S., operated as a repeal of article 358 P. C. *Held,* that article 4665 does not operate as such repeal, as the difficulty of reconciling the two enactments has been removed by the clause providing that the fact that a tax is levied upon the table should not therefore be construed to exempt from punishment those who use the table for purposes which come in conflict with and in violation of the penal laws.

Appeal from Wiiliamson county.

Opinion by Winkler, J.

The indictment upon which the appellant was tried and convicted, charges that H. S. Reeves, in Williamson county, Texas, on December 24, 1881, "did then and there unlawfully keep and exhibit for the purpose of gaming a certain gaming table, to-wit : a pool table." On the trial in the county court, to which the case had been transferred, the defence interposed a plea substantially as follows : That the table upon which the charge in the indictment was predicated, was a table on which the law had imposed a tax, which the defendant had paid, and that therefore he had not violated any law, for a violation of which he could be punished criminally.

This court, upon a constuction of the laws then in force, when the cases of Childs vs. State, 1 Ct. App., and Harris vs. State, 9 Ct. App., were decided, held that the State could not punish criminally a citizen for the doing of an act from which the State derived any part of its revenues. Since those cases were decided however, the legislature has materially changed the law. Hence the laws in force then do not furnish a safe rule for the decision of the case now under consideration. This case must be determined by the laws in force, when the offence is alleged to have been committed, and were in force at the time of the trial and are still in force. On March 24, 1881, an act was passed which contained, among others, the following clauses : "For every billiard, bagatelle, pigeon hole, devil among the tailors, or jenny lind table, or anything of the kind used for profits, fifty dollars," shall be levied and collected as an annual occupation tax. To which is appended as applicable to this case and that portion of the act set out above, the following : *Provided,* That the fact that a tax is levied by this article upon bagatelle, pigeon hole, devil

among the tailors, jenny lind table, or anything of the kind used for profit, and upon any nine or ten pin alley, or other alley used for profit, shall not be construed to exempt from the punishment prescribed by law, any person who may violate any of the provisions of chap. 3 of the Penal Code." Gen. Laws 17th Legislature, pp. 56, 58 and 59.   This prosecution is maintainable, P. C. Art. 358, unless as argued by counsel for the appellants, this article was repealed by Art. 4665 of the Revised Statutes. We here extract from the brief of counsel, two portions of which indicate sufficiently the views entertained by appellant's counsel on this subject.

First—Article 358 of the Criminal Code which affixes the penalty for keeping or exhibiting for the purpose of gaming, any gaming table or bank, etc., was repealed by Art. 4665 of the Revised Statutes of 1879, which levies a license tax of fifty dollars for any billiard table, bagatelle, pigeon hole, devil among the tailors, or jenny lind table or anything of the kind used for profit," and never having been re-enacted it is no offence to keep or exhibit for the purpose of gaming a pool table.   "The act of the 17th legislature entitled an act to amend articles 364 and 365, of an act to adopt and establish a Penal Code and Code of Criminal Procedure for the State of Texas," etc., has no reference to article 358 of the Penal Code, and does not in any way revive the repealed law making it an offence to keep or exhibit for the purpose of gaming any gaming table or bank.

Second.—If article 358 of the Penal Code was repealed by article 4665 of the Revised Statutes, on the first of September, 1879, the *proviso*, "That the fact a tax is levied by this article upon bagatelle, pigeon hole, devil among the tailors, jenny lind table, or anything of the kind used for profit, and upon any nine or ten pin alley, or other alley used for profit, shall not be construed to exempt, cannot be held to revive the act repealed, but can only operate upon those laws against gaming which are in force.

It will be seen that the idea that article 358, of the Penal Code was repealed by article 4665, R. S., rests in part at least upon the fact that this court, in construing these laws, held that the two laws could not be reconciled, and that the last

law enacted sho    stand as the legislative will, and that because the latter law·has provided for the levying of a tax, the penal laws could not be enforced; since then, however, the very difficulty in the way of reconciling the two laws, so that both enactments might stand, has been removed by the enactment of the provision set out above, which, to our minds, is a clear and unequivocal expression of the legislative will, to the effect that the fact that a tax is levied upon the table, should not thereafter be construed to exempt from punishment those who use the table for purposes which come in conflict with and in violation of the Penal laws.

The effect of the provision is simply to change the rule of construction heretofore placed upon the acts mentioned, and not to make a law which had, by the construction given to them, been repealed by judicial interpretation. This, we are of opinion, is the proper construction to be placed upon the act and the *proviso* in the act of March, 1881. This legislation upon the subject under consideration, may be reconciled with the Penal Statutes so that the will of the Legislature can be definitely settled; so that all can be harmonized, and that all may stand as law and be enforced by the judiciary. Thus article 358, of the Penal Code, must be construed in harmony with the *proviso* found in the act of 1881, that is, "that such table shall be considered as used for gaming purposes," if the table fees, or money or anything of value is bet thereon, notwithstanding a tax may be imposed which, the party has paid.

We find no error in the judgment, and it is, therefore, affirmed.